UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KERRY ROBERTS, | ) | Case No. 11cv2665-WQH (BLM) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION FOR ORDER DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS** |
| v. | ) | |
| DOMINGO URIBE, | ) | |
| Respondent. | ) | [ECF No. 6] |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On November 14, 2011, Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus. ECF No. 1 ("Pet."). On January 17, 2012, Respondent timely moved to dismiss the Petition on the grounds that the Petition contains unexhausted and procedurally defaulted claims. ECF No. 6 ("Mot. Dismiss").[1] Petitioner did not file an opposition.

The Court has considered the above documents as well as the record as a whole. Based thereon, and for the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **DENIED** without prejudice.

---

[1] Page references are to Respondent's Memorandum of Points and Authorities in Support of his Motion to Dismiss (ECF No. 6-1).

**FACTUAL AND PROCEDURAL BACKGROUND**

In November 2008, a jury convicted Petitioner of five separate counts of robbery and one count of burglary. Pet. at 1-2; Lodgment 4 at 1. The court subsequently sentenced Petitioner to a prison term of twenty-one years and four months. Pet. at 1-2; Lodgment 4 at 1.

**A.   Direct Appeal**

Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One, raising two claims for relief. Lodgment 1. Specifically, Petitioner alleged that: (1) the trial court denied him due process by denying his motion to exclude evidence of identifications based on a suggestive photo lineup; and (2) the trial court denied him a fair trial by giving jury instructions on flight as evidence of guilt when the identity of the perpetrators was at issue. Id. at 23-35. In an unpublished opinion filed on May 17, 2010, the Court of Appeal affirmed the judgment. Lodgment 4.

On June 9, 2010, Petitioner filed a petition for review in the California Supreme Court, alleging that the trial court denied him due process by using an impermissibly suggestive photo layout for purposes of identification. Lodgment 5. The California Supreme Court summarily denied the petition on July 21, 2010. Lodgment 6.

**B.   Collateral Challenge**

On February 10, 2011, Petitioner filed a habeas petition in the San Diego County Superior Court, alleging that: (1) the trial court erred in denying his Marsden motion; (2) the trial court erred in denying his Faretta rights; (3) he and his trial attorney had a conflict of interest; (4) he and his trial attorney had irreconcilable differences; and (5) he received ineffective assistance of counsel. Lodgment 9. The superior court denied his petition on March 29, 2011. Lodgment 10.

On May 24, 2011, Petitioner filed a habeas petition in the California Court of Appeal, Fourth Appellate District, Division One, alleging the same claims he asserted in his superior court petition. Lodgment 7. The court of appeal denied the petition on May 31, 2011. Lodgment 8. However, Petitioner seemingly failed to inform the court of appeal that he had

raised these claims in superior court—and the court of appeal seemingly failed to realize that Petitioner had raised these claims in a previous petition—because the court of appeal stated that "a reviewing court has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court. The petition is denied without prejudice to refiling in San Diego Superior Court." Id. (citation omitted).

Consequently, on June 13, 2011, Petitioner once again filed a petition in the California Court of Appeal, Fourth Appellate District, Division One, alleging that: (1) the trial court erred in denying his Marsden motion; (2) the trial court erred in denying his Faretta rights; (3) he and his trial attorney had a conflict of interest; (4) he and his trial attorney had irreconcilable differences; and (5) he received ineffective assistance of counsel. Lodgment 11. The court of appeal "independently reviewed petitioner's contentions, [but] adopt[ed] the superior court's March 29, 2011, order denying relief." Lodgment 12.

On September 19, 2011, Petitioner filed a habeas petition in the California Supreme Court realleging the claims he raised below. Lodgment 13. The court denied the petition on February 1, 2012.[2]

In the instant federal Petition, filed on November 14, 2011, Petitioner alleges the same claims he raised in his state court habeas petitions, as well as the claims he raised on direct appeal: (1) the trial court erred in denying his Marsden motion; (2) the trial court erred in denying his Faretta rights; (3) he and his trial attorney had a conflict of interest; (4) he and his trial attorney had irreconcilable differences; (5) he received ineffective assistance of counsel; (6) the trial court denied him due process by denying his motion to exclude evidence of identifications based on a suggestive photo lineup; and (7) the trial court denied him a fair trial by giving jury instructions on flight as evidence of guilt when the identity of the perpetrators was at issue. Pet. at 6-10, 12-25.

---

[2] At the time Respondent filed his motion to dismiss, Petitioner's habeas petition was still pending in the California Supreme Court. Mot. Dismiss at 3. However, this Court independently searched the California Courts' website and determined that the California Supreme Court has denied the petition. See http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1992072&doc_no=S196604.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (1996).

## DISCUSSION

Respondent moves to dismiss the Petition because Petitioner's claims are unexhausted and/or procedurally defaulted. Mot. Dismiss at 3-9. However, Respondent acknowledges that the California Supreme Court's ruling—which had not been issued at the time Respondent filed his motion to dismiss—could affect both of these arguments. Id. Because the California Supreme Court has since issued its ruling,[3] and because the California Supreme Court's order directly impacts the arguments proffered by Respondent in his motion to dismiss, the Court **RECOMMENDS** that Respondent's motion to dismiss be **DENIED** without prejudice.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, and (2) denying Respondent's Motion to Dismiss.

**IT IS ORDERED** that no later than **April 3, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

///

---

[3] The California Supreme Court denied the petition on February 1, 2012. See http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1992072&doc_no=S196604.

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 17, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: March 19, 2012

*Barbara L. Major*
BARBARA L. MAJOR
United States Magistrate Judge