UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY ROBERTS,<br><br>    Petitioner,<br><br>v.<br><br>DOMINGO URIBE,<br><br>    Respondent. | Case No. 11cv2665-WQH (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER (1) DENYING RESPONDENT'S MOTION TO DISMISS ON PROCEDURAL DEFAULT GROUNDS AND (2) FINDING MIXED PETITION AND ISSUING OPTIONS ORDER IN LIEU OF DISMISSAL**<br><br>[ECF No. 11] |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On November 14, 2011, Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1 ("Pet."). Petitioner challenges his conviction under Penal Code Sections 211 and 459. Pet. at 2. On January 17, 2012, Respondent timely moved to dismiss the Petition on the grounds that the Petition contained unexhausted and procedurally defaulted claims. ECF No. 6. The motion to dismiss was denied on May 24, 2012. ECF No. 9. On August 7, 2012,

Respondent filed his second motion to dismiss on the same grounds. ECF No. 11 ("MTD").[1] Petitioner did not file an opposition.[2]

This Court has considered the Petition, Respondent's Motion to Dismiss, and all other documents submitted by the parties. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **DENIED** on the grounds that any of the claims are procedurally defaulted. However, the Court finds that the petition contains both exhausted and unexhausted claims and therefore finds that dismissal of the petition is appropriate but **RECOMMENDS** that, prior to dismissal, Petitioner be advised about the options available to him with regards to the mixed petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2008, a jury convicted Petitioner of five separate counts of robbery and one count of burglary. Pet. at 1-2; Lodgment 4 at 1. Petitioner admitted to a prior strike conviction allegation and two prior prison term allegations. Lodgment 4 at 1. The court subsequently sentenced Petitioner to a prison term of twenty-one years and four months. Pet. at 1-2; Lodgment 4 at 1.

### A. Direct Appeal

Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One, raising two claims for relief. Lodgment 1. Specifically, Petitioner alleged that: (1) the trial court denied him due process by denying his motion to exclude evidence of identifications based on a suggestive photo lineup; and (2) the trial court denied him a fair trial by giving jury instructions on flight as evidence of guilt when the identity of the perpetrators was at issue. Id. at 23-35. In an unpublished opinion filed on May 17, 2010, the Court of Appeal affirmed the judgment. Lodgment 4.

On June 9, 2010, Petitioner filed a petition for review in the California Supreme Court,

---

[1] Page references are to Respondent's Memorandum of Points and Authorities in Support of his Motion to Dismiss (ECF No. 11-1).

[2] Petitioner's opposition was originally due on or before August 28, 2012 [ECF No. 10], however, after receiving two extensions of time to file a response from the Court, Petitioner's final opposition deadline was December 7, 2012. ECF Nos. 15 & 17.

alleging that the trial court denied him due process by using an impermissibly suggestive photo layout for purposes of identification.  Lodgment 5.  The California Supreme Court summarily denied the petition on July 21, 2010.  Lodgment 6.

**B.     Collateral Challenge**

On February 10, 2011, Petitioner filed a habeas petition in the San Diego County Superior Court, alleging that: (1) the trial court erred in denying his <u>Marsden</u> motion; (2) the trial court erred in denying his <u>Faretta</u> rights; (3) he and his trial attorney had a conflict of interest; (4) he and his trial attorney had irreconcilable differences; and (5) he received ineffective assistance of counsel.  Lodgment 9.  The superior court denied his petition on March 29, 2011.  Lodgment 10.

On May 24, 2011, Petitioner filed a habeas petition in the California Court of Appeal, Fourth Appellate District, Division One, alleging the same claims he asserted in his superior court petition.  Lodgment 7.  The court of appeal denied the petition on May 31, 2011.  Lodgment 8. However, Petitioner seemingly failed to inform the court of appeal that he had raised these claims in superior court—and the court of appeal seemingly failed to realize that Petitioner had raised these claims in a previous petition—because the court of appeal stated that "a reviewing court has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court.  The petition is denied without prejudice to refiling in San Diego Superior Court."  <u>Id.</u> (citation omitted).

Consequently, on June 13, 2011, Petitioner once again filed a petition in the California Court of Appeal, Fourth Appellate District, Division One, alleging that: (1) the trial court erred in denying his <u>Marsden</u> motion; (2) the trial court erred in denying his <u>Faretta</u> rights; (3) he and his trial attorney had a conflict of interest; (4) he and his trial attorney had irreconcilable differences; and (5) he received ineffective assistance of counsel.  Lodgment 11.  The court of appeal "independently reviewed petitioner's contentions, [but] adopt[ed] the superior court's March 29, 2011, order denying relief."  Lodgment 12.

On September 19, 2011, Petitioner filed a habeas petition in the California Supreme Court realleging the claims he raised below.  Lodgment 13.  The court denied the petition

on February 1, 2012 citing In Re Dixon, 41 Cal. 2d 756, 759 (1953) and In Re Swain, 34 Cal. 2d. 300, 304 (1949). Lodgment 14.

On November 14, 2011, Petitioner filed the instant federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his Petition, Petitioner alleges the same claims he raised in his state court habeas petitions, as well as the claims he raised on direct appeal: (1) the trial court erred in denying his Marsden motion; (2) the trial court erred in denying his Faretta rights; (3) he and his trial attorney had a conflict of interest; (4) he and his trial attorney had irreconcilable differences; (5) he received ineffective assistance of counsel; (6) the trial court denied him due process by denying his motion to exclude evidence of identifications based on a suggestive photo lineup; and (7) the trial court denied him a fair trial by giving jury instructions on flight as evidence of guilt when the identity of the perpetrators was at issue. Pet. at 6-18.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (West 2012).

## DISCUSSION

Respondent contends that the Petition should be dismissed because Petitioner's first five grounds for relief are procedurally defaulted and his seventh claim for relief is unexhausted. MTD at 1. Specifically, Respondent argues that Petitioner's (1) first four claims are procedurally barred under Dixon and Swain, (2) fifth claim is procedurally barred and unexhausted under Swain, and (3) seventh claim is unexhausted and also procedurally defaulted because Petitioner "no longer has an available state court remedy on direct appeal with which to exhaust his Grounds Seven claim." Id. at 4-8. Petitioner did not file a response to Respondent's Motion to Dismiss. See Docket.

### A. Legal Standard

"The procedural default doctrine 'bar[s] federal habeas [review] when a state court decline[s] to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement.'" <u>Calderon v. United States District Court (Bean)</u>, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991)). The doctrine "'is a specific application of the general adequate and independent state grounds doctrine.'" <u>Calderon</u>, 96 F.3d at 1129 (quoting <u>Wells v. Maass</u>, 28 F.3d 1005, 1008 (9th Cir. 1994)). Under the adequate and independent state grounds doctrine, federal courts "'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" <u>Calderon</u>, 96 F.3d at 1129 (quoting <u>Coleman</u>, 501 U.S. at 729); <u>see also</u> <u>La Crosse v. Kernan</u>, 244 F.3d 702, 704 (9th Cir. 2001); <u>Park v. California</u>, 202 F.3d 1146, 1151 (9th Cir. 2000).

The Ninth Circuit has held that because procedural default is an affirmative defense, Respondent must first have "adequately pled the existence of an independent and adequate state procedural ground. . . ." <u>Bennett v. Mueller</u>, 322 F.3d 573, 586 (9th Cir. 2003). Once the defense is placed at issue, the burden shifts to petitioner, who must then "assert[] specific factual allegations that demonstrate the inadequacy of the state procedure . . . ." <u>Id.</u> The "ultimate burden" of proving procedural default, however, belongs to the state. <u>Id.</u> If the state meets this burden, federal review of the claim is foreclosed unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman</u>, 501 U.S. at 750.

The Ninth Circuit has explained that "'[f]or a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law.'" <u>Bennett</u>, 322 F.3d at 581 (quoting <u>La Crosse v. Kernan</u>, 244 F.3d 702, 704 (9th Cir. 2001) (citing <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41 (1983)). "'A state law ground is so interwoven if "the state has made application of the procedural bar depend on an

1  antecedent ruling on federal law [such as] the determination of whether federal
2  constitutional error has been committed.'"" Id. (quoting Park, 202 F.3d at 1152 and Ake v.
3  Oklahoma, 470 U.S. 68, 75 (1985)).

4      For a state procedural rule to be adequate, "the state law ground for decision must
5  be well-established and consistently applied." Bennett, 322 F.3d at 583 (citing Poland v.
6  Stewart, 169 F.3d 573, 577 (9th Cir. 1999)). In addition, the state procedural rule must be
7  "clear . . . and well-established at the time of the petitioner's purported default." Calderon,
8  96 F.3d at 1129 (quoting Wells, 28 F.3d at 1010); see also Fields v. Calderon, 125 F.3d 757,
9  760-762 (9th Cir. 1997)(citing Ford v. Georgia, 498 U.S. 411 (1991) (stating that the state
10 procedural rule must be firmly established, regularly followed, and consistently applied to
11 be adequate)).

12     Where the state court cites more than one procedural bar rule and fails to specify
13 which rule applies to which claim, the state court order will not bar federal review unless
14 both of the state procedural bar cases cited are adequate and independent. Washington
15 v. Cambra, 208 F.3d 832, 834 (9th Cir. 2000) (stating "[i]n examining the Swain and Dixon
16 procedural bars, we may reverse the dismissal if either rule is not adequate and
17 independent. This is so because the California Supreme Court invoked both rules without
18 specifying which rule applied to which of Washington's two claims) (citing Calderon v. Bean,
19 96 F.3d 1126, 1131 (9th Cir. 1996) (state procedural default no bar to federal review where
20 state court's order did not specify which rule applied to which claims) and Morales v.
21 Calderon, 85 F.3d 1387, 1392 (9th Cir. 1996) ("[A] procedural default based on an
22 ambiguous order that does not clearly rest on independent and adequate state grounds is
23 not sufficient to preclude federal collateral review")).

24 **B.   Claims One Through Four**

25     Respondent contends that the Petition should be dismissed because Petitioner's first
26 four grounds for relief, that (1) the trial court erred in denying his Marsden motion, (2) the
27 trial court erred in denying his Faretta rights, (3) he and his trial attorney had a conflict of
28 interest, and (4) he and his trial attorney had irreconcilable differences, are procedurally

defaulted. The last court to review Petitioner's first four claims was the California Supreme Court which issued a one-sentence denial of the petition citing In Re Dixon, 41 Cal. 2d 756, 759 (1953) and In Re Swain, 34 Cal. 2d. 300, 304 (1949). Lodgment 14; see Carter v. Giurbino, 385 F.3d 1194, 1197 (9th Cir. 2004) (one-sentence summary denial of petition incorporating unelaborated case citation sufficient for procedural default). Petitioner's claim is thus procedurally defaulted if both of the citations are "independent and adequate" state procedural grounds upon which the California Supreme Court "actually relied." Valerio v. Crawford, 306 F.3d 742, 773 (9th Cir. 2002) (en banc).

### 1. In Re Dixon

As stated above, a state court's denial is not independent when it "appear[s] to rest primarily on resolution of [the petitioner's federal] claims, or to be interwoven with those claims." Coleman, 501 U.S. at 735; Park, 202 F.3d at 1151 (9th Cir. 2000) (citing Coleman, 501 U.S. at 733). Here, the California Supreme Court cited to page 759 of its previous holding in Dixon. Lodgment 14. On page 759 of Dixon, the Court stated that "[t]he general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." The state court's denial on the basis of Dixon was "independent" of federal law.[3] See Holdman v. Virga, 2012 WL 4953173, *13 (E.D. Cal. Oct. 15, 2012) (stating "in the instant case, the California Supreme Court's invocation of Dixon serves as an independent and adequate state ground") (citing Gibson v. Hartley, 2012 WL 4468505, at *10 (E.D. Cal. Sept. 26, 2012) ("because the state court's reliance on Dixon in denying the instant claim is an independent and adequate state ground, this claim is procedurally defaulted")).

To be procedurally defaulted, a petitioner's claims also must be denied on "adequate"

---

[3] Petitioner's claims, which are based on a Marsden motion, a Faretta motion, and Petitioner's relationship with his attorney, are based on conduct reflected in the trial record and which could have been raised on direct appeal.

1  grounds.  Previously, in <u>Fields</u>, the Ninth Circuit concluded that the <u>Dixon</u> rule was not an
2  adequate ground.  See <u>Prostman v. Plier</u>, 318 F. Supp. 2d 1004, 1014 (S.D. Cal. April 13,
3  2004) (quoting <u>Fields</u>, 125 F. 3d at 763 (9th Cir. 1997) ("because the California Supreme
4  Court explicitly acknowledged [in <u>In re Harris</u>, 5 Cal.4th 813, 21 Cal. Rptr. 2d 373, 855 P.2d
5  391 (1993) ] its application of the ... <u>Dixon</u> rule[ ] had become obscured over the years by
6  the development of a number of exceptions, requiring the court to provide needed guidance
7  to the bench and bar regarding the application of these rules, we conclude that the <u>Dixon</u>
8  rule is not an adequate state ground to bar federal habeas review of Fields' defaulted
9  claim").  However, <u>Fields</u> analyzed the adequacy of <u>Dixon</u> before <u>In re Harris</u> which
10 "established the consistency of application of the <u>Dixon</u> bar."  <u>Prostman</u>, 318 F. Supp. 2d
11 at 1014.  The <u>Dixon</u> rule is now well-established and consistently applied to post <u>Harris</u>
12 cases.[4]  <u>Id.</u>; see <u>Lee v. Mitchell</u>, 2012 WL 2194471, *19 (C.D. Cal. May 1, 2012) (finding that
13 "the evidence reflects that the <u>Dixon</u> rule was well established and regularly followed in a
14 consistent percentage of the California Supreme Court's summary denials of habeas petitions
15 in the time leading up to petitioner's default"); <u>see also</u> <u>Cantrell v. Evans</u>, 2010 WL 1170063,
16 at *13–14 (E.D. Cal. Mar. 24, 2010) (McKeown, J., sitting by designation) (stating that "the
17 procedural bar established by <u>In re Dixon</u> .... is an adequate and independent state law
18 reason for refusing to reach the merits ... [.]").  As such, Respondent has satisfied his initial
19 burden of showing the adequacy of the <u>Dixon</u> bar.
20      2.     <u>In Re Swain</u>
21 Because the <u>Dixon</u> bar is independent and adequate, Petitioner's claims will be
22 procedurally barred if <u>Swain</u> is also independent and adequate.  Here, the California
23 Supreme Court cited to page 304 of its previous holding in <u>Swain</u>. On page 304 of <u>Swain</u>,

---

[4] "For cases involving the <u>Dixon</u> rule, the Ninth Circuit has held that the time of the purported default is the time when the petitioner had the chance to raise claims on direct appeal." <u>Bridges v. Runnel</u>, 2007 WL 2695177, *7 (E.D. Cal. Sept. 11, 2007) (citing <u>Calderon v. U.S. District Court</u>, 96 F. 3d 1126, 1131 (9th Cir. 1996).  Here, Petitioner filed his opening brief in the state court of appeal in October 27, 2009 [lodgment 1], sixteen years after <u>Harris</u>.  Therefore, <u>Dixon</u> is an adequate basis on which to bar Petitioner's claims.  See <u>Prostman</u>, 318 F. Supp 2d at 1014 (finding the <u>Dixon</u> bar to be adequate where petitioner initiated his appeal six years after <u>Harris</u>).

1 the California Supreme Court held that "vague, conclusionary allegations" are "insufficient
2 to warrant issuance of the writ." Swain, 34 Cal. 2d at 304.  The court also held that "our
3 determination that the vague, conclusionary allegations of the present petition are
4 insufficient to warrant issuance of the writ is not a ruling on the merits of the issues which
5 petitioner has attempted to raise." Id.  "If the California Supreme Court denies a claim
6 under In re Swain because the claim was not alleged with sufficient particularity, the federal
7 district court must examine the petition to determine if the claims met the federal standard
8 of 'fair presentation' before deciding whether to bar the claim in federal court."
9 Mangsanghanh v. Miller, 2012WL3205472, *6 (E.D. Cal. Aug. 2, 2012) (quoting Kim v.
10 Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986)) (citing Harmon v. Ryan, 959 F.2d 1457,
11 1462 (9th Cir. 1991)).  "If the Court finds that the claims have been "fairly presented" to the
12 California Supreme Court, the Ninth Circuit has found that re-filing is unnecessary and the
13 court should review the claims on the merits." Id. (quoting Kim, 799 F.2d at 1321 and 28
14 U.S.C. § 2254(b)).

15 After reviewing the petition for writ of habeas corpus that Petitioner filed in the
16 California Supreme Court [lodgment 13], the Court finds that Petitioner pled his claims with
17 sufficient particularity and, therefore, fairly presented those claims to the California Supreme
18 Court.  Specifically, Petitioner alleged that the trial court erred in denying his Marsden
19 motion.  Lodgment 13 at 3 and Exhibit A at 19 & 23.  Petitioner alleged that the error
20 violated his Sixth Amendment rights and discussed the legal standard with citations to
21 multiple cases, including People v. Marsden. Id.  Petitioner also alleged that the trial court
22 erred when it denied his Faretta motion. Id. at 3, and Exhibit A at 19 & 24.  Petitioner
23 stated that his Sixth Amendment rights were violated and provided a summary of his
24 attempt to secure his right to self-representation during the trial. Id.  Petitioner further
25 provided his understanding of the law, along with both a state and federal case citation.
26 Id. Next, Petitioner alleged that he had a conflict of interest with his attorney which violated
27 his rights under the Sixth Amendment and he cited a federal and state case supporting his
28 position. Id. at 3, Exhibit A at 20 & 26.  Petitioner's fourth claim alleged that he and his

1 attorney had irreconcilable differences which violated his rights under the Sixth and
2 Fourteenth Amendments. Id. at 3, Exhibit A at 20-21 & 27-28. He described the differences
3 and explained that his attorney agreed and stated that the two had differences in court. Id.
4 As with the other claims, Petitioner provided his understanding of the law along with various
5 state and federal case cites in support of his claim. Id. Because Petitioner fairly presented
6 his claims to the California Supreme Court, the Court finds that the Swain bar does not apply
7 to Petitioner's first four claims.

8       The California Supreme Court did not identify which case it relied on to deny Claims
9 1-4 so the law requires both procedural bars to be applicable. Because the Court finds that
10 the Swain bar is not applicable, the Court **RECOMMENDS** that Respondent's Motion to
11 Dismiss claims one through four as procedurally defaulted be **DENIED**.[5]

12 **C.  Claim Five**

13       Respondent contends that Petitioner's fifth claim, that he received ineffective
14 assistance of counsel, is unexhausted under In Re Swain. The last court to review
15 Petitioner's fifth claim was the California Supreme Court which issued a one-sentence denial
16 of the petition citing In Re Dixon, 41 Cal. 2d 756, 759 (1953) and In Re Swain, 34 Cal. 2d.
17 300, 304 (1949). Lodgment 14. It is clear that the court intended only for In Re Swain to
18 apply to Petitioner's fifth claim and not In Re Dixon as Dixon does not apply to claims
19 alleging ineffective assistance of counsel. Martinez v. Warden, 2012 WL 6147887, *3 (C.D.
20 Cal. Nov. 1, 2012) (noting that "[a]s the California Supreme Court has made clear, the Dixon
21 rule does not apply to ineffective assistance of counsel claims") (citing In Re Robbins, 18
22 Cal. 4th 770, 814 n.34 (1998); see also Johnson v. Unknown, 2012 WL 4345715, at *3–4
23 & n. 2 (C.D. Cal. Aug. 20, 2012) (ineffective assistance of counsel claim unexhausted where
24 California Supreme Court cited Duvall, Swain, and Dixon and Dixon does not apply to

---

[5]Respondent also argues that these four claims are unexhausted. MTD at 6. However, since the California Supreme Court found these claims were procedurally defaulted, they are technically exhausted. Coleman v. Thompson, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

ineffective assistance of counsel claims).

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C.A. §2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quotes and citations omitted). Thus, exhaustion of a habeas petitioner's federal claims requires that they have been "fairly presented" in each appropriate state court, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). In California, this generally entails direct or collateral presentation to both the lower courts of appeal and the state supreme court, though presentation to the state supreme court alone may suffice. Ross v. Craven, 478 F. 2d 240 (9th Cir. 1973). However, claims are not exhausted by mere presentation to the state appellate system. A petitioner must also "alert[ ] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29. A petitioner may indicate a federal claim by citing the source of federal law upon which he relies, or by merely labeling the claim as "federal." Id. at 32.

As previously discussed, the cited portion of Swain stands for the proposition that vague and conclusory allegations are insufficient to state a claim for habeas relief and a federal court must examine the petition to determine if the claims met the standard of "fair presentation." Mangsanghanh, 2012WL3205472 at *6 (quoting Kim, 799 F.2d at 1319). Claim 5 fails this test. In the petition filed in the California Supreme Court, Petitioner merely states that he was provided with ineffective assistance of counsel because his attorney had a conflict of interest and irreconcilable differences. Lodgment 13 at 22. Petitioner does not explain what work or representation provided by his trial attorney fell below the objective standard of care, nor does he explain how he was prejudiced by that representation. In addition, while Petitioner cites two federal cases, he does not cite the seminal case of Strickland v. Washington, 466 U.S. 668 (1984), nor address the Strickland elements.

Strickland, 466 U.S. at 687 (to establish ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness and that petition was prejudiced by that performance).  As such, the federal ineffective assistance of counsel claim was not fairly presented to the state court.

A citation to Swain for the particularity bar does not prevent the filing of a subsequent petition that meets the necessary requirements.  Accordingly, when a petition is dismissed for lack of particularity, a petitioner must take the opportunity to amend his claims or face the possibility that his claims may not be exhausted. See Garcia v. Carey, 37 Fed. Appx. 279, *2 (9th Cir. 2002) (holding that petitioner's claims were unexhausted where the California Supreme Court dismissed the petition for lack of sufficient particularity under Swain and petitioner did not amend his claims); see also Gaston v. Palmer, 417 F. 3d 1030, 1037 (9th Cir. 2005) (stating "[i]f an application for habeas relief fails to state the relevant facts with particularity or to explain and justify a significant delay, a California court may deny it without prejudice and allow the petitioner to file a new petition which shall meet these requirements") (quoting Swain, 34 Cal. 2d at 304).

Petitioner did not take the opportunity to amend his fifth claim and, therefore, his fifth claim is unexhausted. Rowland v. Lamarque, 2009 WL 1668584, *3 (E.D. Cal. June 15, 2009) (stating that "the federal courts generally view claims dismissed with a citation to In re Swain as unexhausted") citing Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) (the denial of a habeas petition by California courts with a citation to In re Swain is deemed a denial on procedural grounds, leaving state remedies unexhausted) and Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) (denial of a habeas petition by the Supreme Court of California with a citation to In re Swain indicated that available state remedies had not been exhausted as the California Supreme Court had not been given the required fair opportunity to correct the constitutional violation).  Accordingly, the Court finds that Claim 5 is unexhausted.[6]

---

[6]Respondent states that Claim 5 is procedurally barred, but fails to present any argument in support of this statement.  Compare MTD at 1 (Ground 5 is procedurally defaulted) with MTD at 4-8 (argument and

**D.     Claim Seven**

Respondent contends that Petitioner's seventh claim, that the trial court denied him a fair trial by giving jury instructions on flight as evidence of guilt when the identity of the perpetrators was at issue, is also unexhausted and procedurally barred. MTD at 3-4, 8. In support, Respondent notes that this claim was not raised in Petitioner's petition for review or his state petition for habeas corpus.

As discussed above, a federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them. See 28 U.S.C.A. §2254(b)(1)(A); see also Rose, 455 U.S. at 522. Here, Petitioner did not present his seventh claim for relief to the California Supreme Court in either his petition for review [lodgment 5] or his petition for writ of habeas corpus [lodgment 13]. As such, Petitioner's seventh claim for relief is unexhausted.

Respondent further argues that since Petitioner "no longer has an available state court remedy on direct appeal with which to exhaust his Ground Seven claim," the claim also is procedurally barred. MTD at 8. Respondent is correct that Petitioner no longer has a state remedy on direct appeal. See Cal. Rules of Court, Rule 8.500(e)(1) (stating that "[a] petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court). However, given California's lack of a definite filing deadline for habeas petitions, it is possible that Petitioner could present and exhaust an appropriate federal claim in the state courts. See In re Reno, 55 Cal.4th 428, 460 (2012) (stating "[t]he United States Supreme Court recently, and accurately, described the law applicable to habeas corpus petitions in California: "While most States set determinate time limits for collateral relief applications, in California, neither statute nor rule of court does so. Instead, California courts 'appl[y] a general "reasonableness" standard' to judge whether a habeas petition is timely filed") (quoting Carey v. Saffold, 536 U.S. 214, 222) (2002)). Accordingly, this Court **RECOMMENDS** that Respondent's Motion to Dismiss claim seven as procedurally

---

legal analysis asserting that Grounds 1-4 and 7 are procedurally defaulted). Accordingly, the Court declines to address this issue.

defaulted be **DENIED**.

E.     **Mixed Petition**

Respondent also argues that the petition should be dismissed because it contains both exhausted and unexhausted claims. Mot. at 3-4.

As discussed above, the exhaustion of available state judicial remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 522. Exhaustion of a habeas petitioner's federal claims requires that they have been "fairly presented" in each appropriate state court, including a state supreme court with powers of discretionary review, and that the petitioner "alert[] [the state] court to the federal nature of the claim." Baldwin, 541 U.S. at 29. If state remedies have not been exhausted as to any of the federal claims, the habeas petition typically should be dismissed. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose, 455 U.S. at 522 (requiring dismissal of petitions that contain both exhausted and unexhausted claims, commonly referred to as "mixed petitions"); see also Rhines v. Weber, 544 U.S. 269, 274-78 (2005) (confirming continued applicability of "total exhaustion" rule even after AEDPA imposed one-year statute of limitations on habeas claims).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. Rhines, 544 U.S. at 276-78. A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by* Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). See King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

A stay pursuant to Rhines is available only in the limited circumstances where a petitioner shows that: (1) there was good cause for the failure to have first exhausted the claims in state court; (2) the claims at issue are potentially meritorious; and (3) he has not been intentionally dilatory in pursuing the litigation. 544 U.S. at 274-78. When a petitioner

demonstrates these three requirements, "it likely would be an abuse of discretion for a district court to deny a stay." Id. at 278. However, even if a petitioner had good cause for his failure to exhaust, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. at 277.

A stay pursuant to Kelly requires compliance with the following three-step procedure: (1) the petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) the petitioner subsequently amends his federal habeas petition "and re-attaches the newly-exhausted claims to the original petition." King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). However, the petitioner is only allowed to amend his newly-exhausted claims back into his federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140-43; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005).

As set forth above, this Court finds that the petition contains two unexhausted claims (Claims 5 and 7) and five exhausted claims (1-4 and 6). Because the petition contains both exhausted and unexhausted claims, this Court is required to dismiss the petition. However, in lieu of immediate dismissal, this Court **RECOMMENDS** that Petitioner be sent an options order specifying Petitioner's options with regard to the mixed petition. If Petitioner does not elect one of the identified options, then this Court **RECOMMENDS** that the petition be **DENIED**.

## RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation, (2) denying Respondent's Motion to Dismiss on the grounds that any of the claims are procedurally defaulted, (3) finding the petition contains exhausted and unexhausted claims, and (4) issuing a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies.

**IT IS ORDERED** that no later than **February 27, 2013**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 13, 2013**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

DATED: February 6, 2013

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge