**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KERRY ROBERTS,

Petitioner,

vs.

DOMINGO URIBE,

Respondent.

CASE NO. 11cv2665-WQH-BLM

ORDER

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 18) issued by United States Magistrate Judge Barbara Lynn Major, recommending that this Court deny the Motion to Dismiss (ECF No. 11) filed by Respondent Domingo Uribe.

**BACKGROUND**

On November 21, 2008, a jury in San Diego County Superior Court found Petitioner guilty of five counts of robbery and one count of burglary. (ECF No. 1 at 1-2; Lodgment 4 at 1). Petitioner admitted one prior strike and two prior prison terms. (Lodgment 4 at 1). The state court sentenced Petitioner to a determinate prison term of twenty-one years and four months. (ECF No. 1 at 1-2; Lodgment 4 at 1).

On May 17, 2010, the California Court of Appeal affirmed the judgment of the trial court in an unpublished opinion. (Lodgment 4). On July 21, 2010, the California Supreme Court denied Petitioner's petition for review without comment. (Lodgment 6).

On March 29, 2011, the San Diego County Superior Court denied Petitioner's petition for writ of habeas corpus. (Lodgment 10). On July 19, 2011, the California Court of Appeal

denied Petitioner's habeas petition. (Lodgment 12). On February 1, 2012, the California Supreme Court denied Petitioner's habeas petition. (Lodgment 14).

On November 14, 2011, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1). Petitioner alleges his federal constitutional rights were violated on seven grounds: (1) the state trial court erred in denying Petitioner's *Marsden* motion; (2) the state trial court erred in denying Petitioner's *Faretta* rights; (3) Petitioner's state trial counsel had a conflict of interest; (4) Petitioner and his state trial counsel had irreconcilable differences; (5) Petitioner's state trial counsel was ineffective; (6) the state trial court denied Petitioner's motion to exclude evidence of identifications, based on an allegedly unduly suggestive photo lineup, in violation of Petitioner's due process rights; and (7) the trial court gave jury instructions on flight as evidence of guilt when the identity of the perpetrators was at issue, thereby depriving Petitioner of his right to a fair trial. *Id.* at 6-25.

On January 17, 2012, Respondent filed a motion to dismiss the Petition on the grounds that the Petition contained unexhausted and procedurally defaulted claims (ECF No. 6), which the Court denied without prejudice on May 24, 2012. (ECF No. 9).

On August 7, 2012, Respondent filed the Motion to Dismiss currently pending before the Court. (ECF No. 11). Respondent contends that the Petition should be dismissed on the grounds that it contains both procedurally defaulted and unexhausted claims.

The docket reflects that Petitioner did not file an opposition to the Motion to Dismiss.

On February 6, 2013, the Magistrate Judge issued the Report and Recommendation, recommending that the Motion to Dismiss be denied. (ECF No. 18 at 2, 15). The Report and Recommendation states:

> [T]his Court finds that the petition contains two unexhausted claims (Claims 5 and 7) and five exhausted claims (1-4 and 6). Because the petition contains both exhausted and unexhausted claims, this Court is required to dismiss the petition. However, in lieu of immediate dismissal, this Court RECOMMENDS that Petitioner be sent an options order specifying Petitioner's options with regard to the mixed petition. If Petitioner does not elect one of the identified options, then this Court RECOMMENDS that the petition be DENIED.

*Id.* at 15.

The Report and Recommendation concludes: "[N]o later than February 27, 2013, any party to this action may file written objections with the Court and serve a copy on all parties.... The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order." (ECF No. 18 at 16 (citation omitted)).

The docket reflects that neither party filed objections to the Report and Recommendation.

**REVIEW OF THE REPORT AND RECOMMENDATION**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety. The Court finds that the Respondent has failed to demonstrate that Petitioner's claims are procedurally defaulted, and concludes that the Magistrate Judge correctly determined that the Motion to Dismiss should be denied. The Court finds that Petitioner has failed to demonstrate that he has exhausted claims five and seven of the Petition in the state courts. As it appears the Petition contains both unexhausted and exhausted claims, the Magistrate Judge correctly recommended that the Court inform Petitioner of his options going forward. The Court adopts the Report and Recommendation in its entirety.

**PETITIONER'S OPTIONS**

To avoid the Court dismissing the Petition on its own accord, Petitioner may choose one

of the following options.

**I. First Option: Demonstrate Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted.

**II. Second Option: Voluntarily Dismiss the Petition**

Petitioner may move to voluntarily dismiss his entire federal Petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for

---

[1]28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

**III. Third Option: Formally Abandon Unexhausted Claims**

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[2]

**IV. Fourth Option: File a Motion to Stay the Federal Proceedings**

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed Petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state

---

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully-exhausted Petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his Petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully-exhausted Petition; that is, they must share a "common core of operative facts" with the previously exhausted claim(s). *King*, 564 F.3d at1143 (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005)).

**CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 18) is ADOPTED in its entirety. The Motion to Dismiss (ECF No. 11) is DENIED.

The Court notifies Petitioner that the Petition contains both exhausted and unexhausted claims and is therefore subject to dismissal. No later than thirty (30) days of the date of this Order, Petitioner shall file a pleading with the Court pursuant to one of the options described above. Respondent shall file any reply within forty-five (45) days of the date of this Order. If Petitioner fails to respond to this Order within thirty (30) days, the Court will dismiss the Petition without prejudice.[3] *See Rose*, 455 U.S. at 522.

DATED: March 11, 2013

**WILLIAM Q. HAYES**
United States District Judge

[3]Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)-(2); *see also* footnote one of this Order.